**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Ortiz, et al., | No. CV-26-00084-PHX-JZB |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Kristi Noem, et al., | |
| Defendants. | |

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE**:

Pending before the Court is Plaintiff's "Motion to Proceed In Forma Pauperis" ("First IFP Motion") (doc. 2), "First Amended Complaint" ("FAC") (doc. 15), and "Application to Proceed in District Court Without Prepaying Fees or Costs" ("Second IFP Motion") (doc. 16).[1] Because Plaintiffs' Second IFP Motion moots his First IFP Motion,

---

[1]    This Report and Recommendation is filed pursuant to General Order 21-25, which notes that:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

> IT IS FURTHER ORDERED designating [Senior United States District Judge Stephen M. McNamee] to review and, if deemed suitable, to sign the order of dismissal . . . .

the Court shall deny the First IFP Motion as moot. Regarding Plaintiff's Second IFP Motion, because Plaintiff declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this action, the Court **recommends** the Second IFP Motion be **granted**. Furthermore, considering that Plaintiff (1) does not have the standing to raise the rights of other persons whose rights may have been violated and (2) fails to state a claim upon which relief may be granted, the Court recommends his FAC be **dismissed without leave to amend**.

I.    **BACKGROUND**.

On January 7, 2026, Plaintiffs, appearing *pro se*, initiated the instant action by filing his three-count "Complaint for Writ of Mandamus and Relief Under the APA-Administrative Procedure[s] Act" ("Complaint") (doc. 1). Plaintiff asserted the following counts in his initial Complaint: (1) a 28 U.S.C. § 1361 mandamus claim; (2) a 5 U.S.C. § 706(1) Administrative Procedures Act ("APA") unreasonable delay claim; and (3) a 5 U.S.C. § 552 Freedom of Information Act ("FOIA") claim. (*Id.* at 4–5.) Plaintiff was initially joined by Plaintiffs Maria Dolores Ochoa Castro and Maria Del Socorro Ortiz. (*Id.* at 1.) Neither Maria Dolores Ochoa Castro nor Maria Del Socorro Ortiz signed the initial Complaint. (*Id.* at 6.)

On March 9, 2026, this Court issued a Report and Recommendation ("R&R") recommending that the initial Complaint be dismissed pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted. (Doc. 13.) Specifically, the Court noted that Plaintiff's APA and mandamus claims are non-cognizable due to a congressionally-mandated judicial bar. (*Id.* at 4–7.) Further, the Court recommended dismissal of his FOIA claim because Plaintiff did "not sufficiently state a plausible claim for relief[.]" (*Id.* at 8.)

Thereafter, on March 17, 2026, Plaintiff filed his FAC[2] and Second IFP Motion. (Docs. 15–16.) Again, in his FAC, neither Maria Dolores Ochoa Castro nor Maria Del

---

2    Pursuant to Rule 15(a), "[a] party may amend its pleading ***once*** as a matter of course[.]" Fed. R. Civ. P. 15(a)(1) (emphasis added). Plaintiff is put on notice that he ***must*** seek leave of court if he intends to file a second amended complaint. Fed. R. Civ. P. 15(a)(2) (emphasis added).

- 2 -

Socorro Ortiz signed the filing. (Doc. 15 at 5.)

Plaintiff's FAC seeks to compel Defendants to adjudicate Maria Dolores Ochoa Castro's I-601 Application for Waiver of Grounds of Indamissibility which was filed in February of 2019. (*Id.* at 2.) Plaintiff alleges that Maria Dolores Ochoa Castro had appeared for an immigrant visa processing at the U.S. Consulate in Ciudad Juárez, Mexico, but her vias was denied by a consular officer because of a "allegation of inadmissibility under INA § 212(a)(6)(C)(i)"—which has been codified at 8 U.S.C. § 1182(a)(6)(C)(i). (*Id.* at 3.) To date, Defendants have not adjudicated Maria Dolores Ochoa Castro's I-601 application for a waiver of inadmissibility. (*Id.* at 3.) Plaintiff's FAC assert the same three claims that he did in his initial Complaint. *Compare* (doc. 15) *with* (doc. 1).

Considering the newly-filed FAC, the District Court found the R&R moot, and therefore did not adopt it. (Doc. 17 at 3.) Additionally, the District Court dismissed Maria Dolores Ochoa Castro nor Maria Del Socorro Ortiz. (*Id.*)

## II.    IFP MOTIONS.

In his Second IFP Motion, Plaintiff declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. (Doc. 16.) Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). The Court may authorize the filing of a suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the filing fees or costs. 28 U.S.C. § 1915(a). The Court, having determined that Plaintiff is unable to pay the Court's fees, recommends the Second IFP Motion be granted. Furthermore, considering that Plaintiff's Second IFP Motion moots his First IFP Motion, the Court shall dismiss Plaintiff's First IFP Motion as moot.

## III.    SCREENING COMPLAINT.

Because Plaintiffs are attempting to proceed *in forma pauperis*, the Court will, pursuant to 28 U.S.C. § 1915, screen Plaintiffs' Complaint.[3] 28 U.S.C. § 1915(e)(2)(B).

---

[3] This statutory screening is not limited to prisoners. Rather, 28 U.S.C. § 1915(e)(2)(B) applies to any *in forma pauperis* application. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

The Court must dismiss an *in forma pauperis* complaint if it is: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). If the Court finds that dismissal is required, it may dismiss the complaint with leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In analyzing *pro se* filings, the United States Court of Appeals for the Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**IV.    DISCUSSION.**

There are three fatal flaws in Plaintiff's FAC that necessitate dismissal. First, Plaintiff does not have the standing to raise the rights of other persons whose rights may have been violated. Second, the Court finds that all three counts contained within Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

//

**A. Standing**.

As an initial matter, the Court notes Plaintiff asserts that rights of others in his APA and mandamus claims. Doing so violates one of the most basic tenants of Article III of the Constitution: standing to bring an action.

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). "The case-or-controversy doctrines state fundamental limits on federal judicial power in our system of government." *Id.* "The Art. III doctrine that requires a litigant to have 'standing' to invoke the power of a federal court is perhaps the most important of these doctrines." *Id.*

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights[.]" *Allen*, 468 U.S. at 750 (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 474 (1982)).

Article III standing, at an "irreducible constitutional minimum," requires:

> (1) that the plaintiff suffered an injury in fact that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical;' (2) of a causal connection between that injury and the complained-of conduct; and (3) that a favorable decision will likely redress the alleged injury.

*Alaska Right to Life v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Plaintiff lacks standing to bring an APA claim and a mandamus claim on the behalf of others. Here, the Court notes that the Form I-601 pertains to one Maria Dolores Ochoa Castro. (Doc. 15 at 3.) She is not a party to this litigation following the District Court's decision on April 21, 2026. (Doc. 17.) Hence, Plaintiff is not attempting to remedy a violation related to himself. Rather, he is attempting to remedy a potential violation that has occurred to another through APA and mandamus claims. (Doc. 15 at 3–4.) Because of the "general prohibition on a litigant's raising another person's legal rights," *Allen*, 468

U.S. at 750, Plaintiff lacks Article III standing to bring his APA and mandamus claims on the behalf of Maria Dolores Ochoa Castro.[4]

**B. Administrative Procedures Act**.

In any event, Plaintiff fails to state an APA claim in the instant action because Congress has stripped the Court of jurisdiction to review timing, decision, or action regarding waiver for an immigrant found "inadmissible for fraud or willful misrepresentation of a material fact." *See* 8 U.S.C. § 1182(i)(2). The APA requires an agency to, "within a reasonable time, . . . conclude a matter presented to it." 5 U.S.C. § 555(b). Where an action is illegally or unreasonably delayed, the Court may compel that action which was "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, the Court may not review an agency action or decision if Congress—in crafting the statute at issue—has "precluded judicial review." 5 U.S.C. § 701(a)(1).

As noted in the FAC, Maria Dolores Ochoa Castro was denied an immigrant visa under Immigration and Naturalization Act ("INA") § 212(a)(6)(C)(i)—codified at 8 U.S.C. § 1182(a)(6)(C)(i). (Doc. 15 at 3.) This provision of the INA bars the admission of intending immigrants "who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States[.]" 8 U.S.C. § 1182(a)(6)(C)(i).

An agency determination of inadmissibility under § 1182(a)(6)(C)(i) does not completely bar an intending immigrant to the United States. Rather, the Attorney General, in their "discretion," may waive a § 1182(a)(6)(C)(i) finding under 8 U.S.C. § 1182(i)(1). However, Congress has included a jurisdiction-stripping provision under § 1182(i), which states that "[*n*]*o court shall have jurisdiction to review a decision or action* of the Attorney General regarding a waiver under paragraph (1)." 8 U.S.C. § 1182(i)(2) (emphasis added).

As noted by one of our sister districts in the Ninth Circuit, § 1182's "decision or action" language precludes a court from reviewing "the timing and sequencing of agency adjudication." *Ortega v. Miller*, No. 1:25-CV-03066-MKD, 2025 U.S. Dist. LEXIS

---

[4]    The Court notes that Plaintiff has failed to address how he is connected to Maria Dolores Ochoa Castro in his FAC.

211614, at *6 (E.D. Wash. Oct. 27, 2025) ("This reading is consistent with the ordinary meaning of 'action,' which encompasses both affirmative decisions and the conduct of agency processes, and Congressional intent to 'protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve.'") (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 66 (2004)); *cf. Soni v. Jaddou*, 103 F.4th 1271, 1273–74 (7th Cir. 2024) (holding—regarding the identical judicial bar language under § 1182(a)(9)(B)(v)—"[n]o review means no review; the statute does not need to list all of the many potential legal theories that are not reviewable").

Because Congress has barred judicial review here, the Court may not review the timing of the USCIS's timing of Maria Dolores Ochoa Castro's Form I-601. Consequently, Plaintiffs' APA claim fails to state a claim upon which relief may be granted.

**C. Mandamus Act**.

Next, Plaintiffs 28 U.S.C. § 1361 Mandamus Act claim likewise fails to state a claim upon which relief may be granted. "Although the common-law writ of mandamus has been abolished in the district courts, . . . the Mandamus Act grants district courts 'original jurisdiction of any action in the nature of mandamus' against a federal officer or agency." *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) (quoting 28 U.S.C. § 1361). Although § 1361 differs from the common-law writ of mandamus, it "does not expand the generally recognized scope of mandamus[.]" *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983). Instead, "§ 1361[] is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and ***only if the defendant owes him a clear nondiscretionary duty***." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (emphasis added).

Here, the statutory language of § 1182(i)(1) is clear. The "Attorney General may, in the ***discretion*** of the Attorney General," waive a finding under § 1182(a)(6)(C)(i). 8 U.S.C. § 1182(i)(1) (emphasis added). Because the plain language of the INA clearly denotes that adjudication of a § 1182(i)(1) is discretionary, Plaintiff fails to state a mandamus claim. *See United States v. Ron Par Enters., Inc.*, 489 U.S. 235, 242 (1989) ("The plain meaning

- 7 -

of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.") (cleaned up).

**D. Freedom of Information Act**.

Plaintiffs' final count is based on § 552 of FOIA. (Doc. 15 at 4.) FOIA's "basic purpose . . . is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Generally, an agency must respond to a FOIA request within twenty days or provide a "written notice setting forth any 'unusual circumstances' for an extension of time beyond the statutory limit." *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1093 (9th Cir. 2016) (quoting 5 U.S.C. § 552(a)(6)(B)(i)). If an adverse decision is reached, a party may appeal that decision with the agency, which has twenty days to reach a determination of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

"[A] requestor can challenge the adequacy of a response in court if she is dissatisfied, but she must first exhaust available administrative remedies, including an appeal within the agency." *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1026 (9th Cir. 2024) (cleaned up). If the agency does not timely respond, the requester's exhaustion requirements are constructively satisfied. *Id.* However, if the agency responds late, but before the requester sues, exhaustion is still required. *Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021). Conversely, where the agency responds after a requester has filed suit based on constructive exhaustion, "an agency's post-lawsuit response does not require dismissal for failure to exhaust." *Corbett*, 116 F.4th at 1031.

Plaintiff's FAC is silent on when he filed his FOIA request, whether he received any response from the USCIS, and whether he appealed a decision—if a decision was rendered. All that Plaintiff alleges is that he "submitted FOIA requests," that "Defendants failed to produce responsive [r]ecords or issue final determinations," and that "this violates the Freedom of Information Act." (Doc. 15 at 4.) Such conclusory statements are

insufficient to state a plausible FOIA complaint.

While Fed. R. Civ. P. 8 does not create an insurmountable burden, "*it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation*." *Ashcroft*, 556 U.S. at 678 (emphasis added). For the foregoing reasons, Plaintiffs' FOIA count does not sufficiently state a plausible claim for relief.

## V.    DISMISSAL WITH LEAVE TO AMEND.

"Leave to amend, although normally granted liberally, 'need not be given if a complaint, as amended, is subject to dismissal.'" *Shreeve v. Ducey*, No. CV-19-05864-PHX-DGC, 2020 WL 2064318, at *2 (D. Ariz. Apr. 29, 2020) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)). "The Court's discretion to deny leave to amend is particularly broad where the plaintiff repeatedly has failed to cure deficiencies by previous amendments and further amendment would be futile." *Shreeve*, 2020 WL 2064318, at *2 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court notes that this is Plaintiff's second attempt to file a sufficient complaint. He has failed to address the judicial bar related to his APA and mandamus claims, and has not added any facts regarding his FOIA claim following the Court's previous R&R. Given Plaintiff's failure to address the prior noted deficiencies, the Court finds that he has not shown that the deficiencies contained within his FAC may be cured. Therefore, the Court recommends dismissal without leave to amend.

Accordingly,

**IT IS RECOMMENDED** that Plaintiffs' Second IFP Motion (doc. 16) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' First Amended Complaint (doc. 15) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that leave to amend be **DENIED**.

**IT IS ORDERED** that Plaintiff's First IFP Motion (doc. 2) is **DISMISSED AS MOOT**.

- 9 -

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The Parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the Parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 27th day of April, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

- 10 -